# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BOYCE, | ) |
| | ) Civil Action No. 3: 15-cv-0157 |
| Plaintiff, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case was commenced on June 5, 2015, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

In this action, Plaintiff claims that defendants (parole and DOC staff members) violated his Eighth and Fourteenth Amendment rights when he was given a recommendation for low intensity Sex Offender Programming without procedural due process. Following the completion of discovery, Defendants filed a Motion for Summary Judgment.

On December 12, 2016, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 64) recommending that Defendants' motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim, that the claims against Defendants Rosage, Rhoads, Wingard, and Joseph be denied based on lack of personal involvement, and that the claims against the Department of Corrections be dismissed based on Eleventh Amendment immunity. The report also recommended that summary judgment be denied as to Plaintiff's Fourteenth Amendment claim against Defendant Jozefczyk.

1

Before the Court are Plaintiff's Objections to the Report and Recommendation (ECF No. 65), to which Defendants filed a Response. (ECF No. 69). Plaintiff objects to the recommendation that summary judgment be granted to the Department of Corrections and to Defendants Rosage, Rhoads, Wingard and Joseph. He further states that neither the Court nor defendants addressed his claim for defamation and slander.

The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge. It is black letter law that the Department of Corrections is immune from suit under the Eleventh Amendment. As the report states, none of the three narrowly circumscribed exceptions to the Eleventh Amendment are met in this case. The Court also agrees with the recommendation that the summary judgment record is devoid of any evidence which demonstrates that Defendants Rosage, Rhoads, Wingard, and Joseph had the level of personal involvement necessary to impose individual liability on them.

As to Plaintiff's argument that neither the magistrate judge nor defendants addressed his claim for slander and defamation, it is not clear from the record that Plaintiff actually ever asserted such a state tort claim. However, assuming that such a claim had been asserted, it is barred by sovereign immunity. Under Pennsylvania law, the Commonwealth and its officials and employees acting within the scope of their duties, enjoy sovereign immunity and official immunity and remain immune from suit. 1 Pa. Const.Stat.Ann. § 2310. None of the nine (9) statutory exceptions to sovereign immunity are present in this case.

Sovereign immunity extends to claims against state employees for intentional torts, including slander and defamation. From the summary judgment record, it is clear that sovereign immunity applies to Plaintiff's claims of slander and defamation. At all times, defendants were

acting within the scope of their employment. Thus, Plaintiff's state tort claims for slander and defamation fail as a matter of law.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 7th day of February, 2017:

1. Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** as follows. The Motion is **GRANTED** as to Plaintiff's Eighth Amendment claim, and all claims against Defendants Rosage, Rhoads, Wingard, Joseph, and the Department of Corrections. The Motion is **DENIED** as to Plaintiff's Fourteenth Amendment claim against Defendant Jozefczyk.

2. Plaintiff's state claims of slander and defamation are **DENIED** as a matter of law.

3. **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 64) dated December 12, 2016, as supplemented herein is **ADOPTED** as the Opinion of the Court.

4. The only claim remaining in this case is Plaintiff's procedural due process claim under the Fourteenth Amendment against Defendant Jozefczyk.

BY THE COURT:

Kim R. Gibson
United States District Judge

cc: **MICHAEL BOYCE**
KN6430
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

**Mary Lynch Friedline**
Office of Attorney General
(via ECF electronic notification)