# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOYCE, | ) | Civil Action No. 3:15-cv-157 |
| Plaintiff, | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| DEPARTMENT OF CORRECTIONS, TREVOR WINGARD, ALLEN JOSEPH, JOSEPH JOZEFCZYK, DEBRA RHOADS, and CHRIS ROSAGE, | ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully submitted that final judgment be entered in favor of Plaintiff on his procedural due process claim and against Defendant Jozefczyk for nominal damages in the amount of One Dollar ($1.00).

**II.  REPORT**

**A.  Factual and Procedural Background**

On December 12, 2016, the undersigned filed a Report and Recommendation (ECF No. 64) which recommended that Defendants' motion for summary judgment be granted in part and denied in part. Specifically, it was recommended that Defendants' motion be granted as to Plaintiff's Eighth Amendment claim and all claims against Defendants Rosage, Rhoads, Wingard, Joseph, and the Department of Corrections and denied as to Plaintiff's Fourteenth Amendment due process claim against Defendant Jozefczyk.

The District Court, rejecting Plaintiff's objections, adopted the Report and Recommendation, as supplemented, as the Opinion of the Court. (ECF No. 71).

Contemporaneously therewith, the District Court also ordered the parties to brief the issue of whether judgment for nominal damages in the amount of $1.00 should be entered in Plaintiff's favor against the remaining defendant, Jozefczyk.

The parties have submitted their briefs and the matter is ripe for disposition.

**B.     Discussion**

The Court has found that Plaintiff's procedural due process rights were violated when he was given a recommendation for low intensity Sex Offender Programming without a hearing. Defendants do not dispute that Plaintiff was not afforded a hearing. Therefore, there are no issues remaining for trial and judgment should be entered in favor of Plaintiff.

At issue now is what damages should be awarded to Plaintiff. In his Complaint, Plaintiff requested monetary damages for "mental anguish and emotional distress," in the amount of $100,000.00, as well as "review for parole without the sex offenders program recommendation." (Compl. at 4, 5, ECF No. 3). As previously explained, Plaintiff's request for a new parole hearing without the sex offender registration is moot. *See* Report and Recommendation (ECF No. 64 at 6) (citing *Williams v. Sec'y Penn. Dep't of C*orr., 447 F. App'x 399, 403 (3d Cir. 2011)). And the PLRA prohibits compensatory damages for mental or emotional injury absent allegations of physical injury, of which there are none here. Thus, the only damages to which Plaintiff is entitled to is nominal damages, notwithstanding the fact that Plaintiff did not expressly request nominal damages in his complaint.[1]

In his brief concerning nominal damages, Plaintiff seems to be attempting to amend his request for damages to include "damages for the additional seven months spent incarcerated due

---

[1]     Plaintiff did not claim or request punitive damages in his complaint, and there is no factual basis in the summary judgment record to support such a claim against Defendant Jozefczyk.

2

to this constitutional violation," and also requests "damages for lost wages for this period." This request should be denied. Summary judgment was entered in this case on February 7, 2017. The time for requesting leave to file any amendment to the complaint has long passed.

Plaintiff also seeks to recover "the initial filing fee and all other related cost, such as copies, postage, etc." (ECF No. 78). Plaintiff's request for costs should be deferred pending entry of Final Judgment. Once judgment has been entered, Plaintiff should submit a verified Bill of Costs (Form AO 133, attached hereto). Costs will be determined pursuant to Federal Rule of Civil Procedure 54(d)(1).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that judgment for nominal damages in the amount of $1.00 be entered in Plaintiff's favor against the remaining defendant, Joseph Jozefczyk.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **May 30, 2017,** and Defendant, because he is an electronically registered party, may file objections by **May 24, 2017**. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

Dated: May 10, 2017

cc:  **MICHAEL BOYCE**
KN6430
SCI-Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. mail)

**Mary Lynch Friedline**
Office of the Attorney General
(electronic notification via CM-ECF)