# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BOYCE, | ) |
| | ) Civil Action No. 3: 15-cv-0157 |
| Plaintiff, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this action, Plaintiff, Michael Boyce, claimed that multiple Parole and DOC staff members violated his Eighth and Fourteenth Amendment rights when he was given a recommendation for low intensity Sex Offender Programming without procedural due process. In response to Defendants' motion for summary judgment, the Magistrate Judge issued a Report and Recommendation on December 12, 2016, recommending that the motion be granted in part and denied in part. (ECF No. 64). Specifically, it was recommended that Plaintiff's Eighth Amendment claim be dismissed, and that defendants Rosage, Rhoads, Wingard, and Joseph be dismissed as they lacked personal involvement. It was further recommended that summary judgment be denied on Plaintiff's due process claim against Defendant Jozefczyk. On February 7, 2017, the Court adopted the Report and Recommendation, as supplemented, and held that the only remaining claim in the case is Plaintiff's procedural due process claim against Defendant Jozefczyk. (ECF No. 71). Defendant does dispute that Plaintiff was not afforded a hearing. (ECF No. 69). Because there is nothing left for a fact finder to determine, judgment should be entered in favor of Plaintiff.

1

However, before judgment can be entered, it is necessary to determine what damages should be awarded to Plaintiff. The Court had the parties submit briefs on the issue of whether judgment for nominal damages in the amount of $1.00 should be entered in Plaintiff's favor. (ECF No. 72). Defendant's position is that the record supports only an award of nominal damages. (ECF No. 75). Plaintiff responds that he is entitled to an award of $100,000.00 for "damages for the additional seven months spent incarcerated due to this constitutional violation," and for "damages for lost wages for this period." (ECF No. 78).

Following the completion of briefing, the Magistrate Judge issued a Report and Recommendation (ECF No. 81) which recommended that judgment for nominal damages in the amount of $1.00 be entered in Plaintiff's favor. Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 83). He again argues that he is entitled to a monetary award of $100,000.00 for the harm he suffered as a result of Defendant's violation of his due process rights.

The United States Supreme Court has stated that "the abstract value of a constitutional right may not form the basis for § 1983 damages." *Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 308 (1986). Boyce seeks substantial damages for the harm he suffered as a result of defendant's violation of his due process rights. However, the only actual injury that could form the basis for the award he seeks would be mental and/or emotional injury. And as previously explained in the report and recommendations, under the PLRA, § 1997e(e), in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury, an allegation that Boyce undisputedly does not make. 42 U.S.C. § 1997e(e); *Doe v. Delie,* 257 F.3d 309, 335 n.3 (3d Cir. 2001); *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir.

2003); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Thus, Boyce's claims for compensatory damages are barred by § 1997e(e).

Punitive damages may be awarded based solely on a constitutional violation, provided the proper showing is made. *Allah*, 226 F.3d at 251. However, Plaintiff did not claim or request punitive damages in his complaint nor is there any factual basis in this record to support such a claim against the remaining defendant, psychologist Joseph Josefczyk.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

AND NOW, this 21st day of June, 2017:

1. Judgment will be entered in this case for Plaintiff, Michael Boyce, for nominal damages in the amount of $1.00 against Defendant Joseph Jozefczyk. Judgment pursuant to Federal Rule of Civil Procedure 58 follows.

2. It is **ORDERED** that the Report and Recommendation (ECF No. 81) dated May 10, 2017, as supplemented herein, is **ADOPTED** as the Opinion of the Court.

3. This case shall be marked closed.

BY THE COURT:

Kim R. Gibson
United States District Judge

cc: **MICHAEL BOYCE**
KN6430
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

**Mary Lynch Friedline**
Office of Attorney General
(via ECF electronic notification)

3